UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

AMANDA LINDSEY,
   Plaintiff,

vs.                                                          No. 06-1163

MARY SIEGLER, et.al.,
   Defendants

ORDER

     This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The plaintiff, Amanda Lindsey, has submitted a complaint pursuant to 42 U.S.C. §1983 which names three defendants from the Dwight Correctional Center including Warden Mary Siegler, Records Officer Supervisor Brenda Siegler and Sergeant Roy Gubbles.

     The plaintiff states that she has been unlawfully incarcerated and falsely imprisoned. The plaintiff says she was sentenced to four years in the Department of Corrections, but will end up serving additional time. The exact details are unclear from the plaintiff's complaint. However, the plaintiff says she was released after serving 19 months, only to return on a parole violation. The plaintiff says she filed a petition of mandamus and was brought to court. The plaintiff claims the judge released her from incarceration at this point because a representative from the correctional center failed to appear.

     The plaintiff says about eight months later she was arrested based on a Department of Corrections hold. The plaintiff claims this action was based on retaliation for her earlier release and she should not be in the department of corrections. The plaintiff is asking for compensation for her additional time in prison.

     The plaintiff's complaint also demonstrates that she has failed to exhaust her administrative remedies as required. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a). *See also* <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, (7th Cir. 1999).

1

In the section of the complaint which inquires about exhaustion of administrative remedies, the plaintiff has marked that she has not completed the grievance process. In addition, the plaintiff has attached a copy of her grievance to her complaint. The grievance is dated May 31, 2006. The plaintiff filed this lawsuit on June 26, 2006. She has not given the grievance process time to address her concerns before filing this lawsuit.

**IT IS THEREFORE ORDERED that:**

**1) This case is dismissed in it's entirety for failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a).**

**2) The pending motion to proceed in forma pauperis is dismissed as moot. [d/e 1]**

Entered this __27th_____day of ___July_____, 2006.


                    s\Harold A. Baker
                _____
                      HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE